NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—July, 1886.

## MATTER OF ROWLAND.

*In the matter of the estate of* WILLIAM F. ROWLAND, *deceased.*

Where an executor or administrator has lost a voucher, relating to a pay-ment for which he asks credit upon his accounting, the burden is upon him to prove " that the charge is correct and just " (Code Civ. Pro., § 2734), as against a party objecting to its allowance.
2 R. S., 93, § 58, as amended by L. 1863, ch. 362—compared.

HEARING of exceptions to report of referee to whom were referred the account, and objections thereto, of the administrator of decedent's estate, in proceedings for judicial settlement.

MORGAN & WORTHINGTON, *for administrator.*

FRANKLIN BARTLETT, *special guardian.*

THE SURROGATE.—I think that the referee is mis-taken in supposing that the burden of proof as to that item in the account regarding which the special guar-dian has interposed an exception rested upon the contestant. Where a voucher taken by the repre-sentative of an estate is lost, the payment to which such voucher relates, and for which such representa-

tive asks credit, must be proved before such credit can be allowed (Code Civ. Pro., § 2734), and it must be proved by the testimony of the person to whom it was made, if such person be living and can after diligent search be found (id.). And even after the fact of payment has been established, credit therefor cannot be allowed "unless the Surrogate is satisfied that the charge is correct and just" (id.).

Section 2374 is, in this particular, very much like L. 1863, ch. 362, by virtue of which the Surrogate is authorized to make to accounting executors or administrators "such allowance for their actual and necessary expenses as shall appear just and reasonable." I have had occasion to consider this language and have held that it does not warrant the allowance to an accounting party of a disbursement claimed to have been made by him as an expense of administration, in cases where objection is made to such allowance, unless the justness and reasonableness of such disbursement are affirmatively shown to the Surrogate's satisfaction (St. John v. McKee, 2 *Dem.*, 236; Journault v. Ferris, *id.*, 320).

Upon the evidence submitted in this case, I find that the claim in dispute was in fact paid by the administrator, and that it was "correct and just." The special guardian's exception must, therefore, be overruled, and the report of the referee confirmed.